# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

      Plaintiff,

      v.                                         Case No. 12-CV-0096

GARY HAMBLIN, AMANDA MARTIN,
LORI RICHGELS, ROSE SNYDER-SPAAR,
DENISE SYMDON, ERIN MURTO,
TOM WICKENAM, and ROBERT FUSFELD,

      Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER (Doc. 16), DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (Doc.18), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. 21), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 22), DENYING PLAINTIFF'S MOTION FOR FILING DISCOVERY EXTENSION (Doc. 27), DENYING PLAINTIFF'S MOTION TO PROCEED TO DISCOVERY PHASE (Doc. 28), DENYING PLAINTIFF'S MOTION FOR ORDER TO ALLOW ACCESS TO DOC CASE FILE (Doc.29), DENYING PLAINTIFF'S MOTION FOR ORDER TO ASSIGN MONTHLY COURT DEADLINE (Doc. 30), DENYING PLAINTIFF'S MOTION TO REVIEW POTENTIAL PROBATION RULES (Doc. 33), DENYING PLAINTIFF'S MOTION FOR ORDER TO GRANT ACCESS TO E-MAILS FROM DEFENDANTS TO PRISON SOCIAL WORKERS (Doc. 34), DENYING PLAINTIFF'S MOTION FOR ORDER TO GRANT FILING FEE PAYMENT UPON RELEASE (Doc. 35), DENYING PLAINTIFF'S MOTION FOR DISCOVERY OF ALL DCC DOCUMENTATION (Doc. 36), AND DENYING PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF (Doc. 40).

      Plaintiff has filed numerous motions that are now before the court. Two seek temporary restraining orders (Doc. 16 and 22), another seeks immediate injunctive relief (Doc. 40). The motions for temporary restraining orders are identical and it appears the second motion was filed in error. In any event, to the extent that these motions are relevant, plaintiff has not sustained his burden of showing: (1) a reasonable likelihood of success on the merits, (2) an inadequate remedy at law, and (3) irreparable harm if

injunctive relief is denied. *See Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Additionally, plaintiff has not proffered that review of his potential probation rules (Doc. 33) is relevant to this action.

Plaintiff also has filed two motions (Doc. 34 and 36) that defendants have responded to as discovery requests and the court will construe as such. The court also considers plaintiff's motion to allow access to his DOCC case file (Doc. 29) to be a discovery request. None of these motions contained a certification that plaintiff made a good faith attempt to resolve concerns with defendants before bringing his motions, as required by Federal Rule of Civil Procedure 37 and Civil Local Rule 37 (E.D. Wis.).

Another group of motions by plaintiff address the scheduling of this matter. Plaintiff seeks an extension of time to "file" discovery (Doc. 27), although the court has not entered a scheduling order fixing deadlines to be extended. Moreover, the instant motions reveal plaintiff's misunderstanding of the discovery process in civil litigation. Generally, the parties conduct discovery without the involvement of the court and the court sets a deadline for the close of discovery. It is only in support of or opposition to a motion for summary judgment or at trial that a party must submit evidence to the court.

Plaintiff's motion to proceed to the discovery phase (Doc. 28) was unnecessary because the court will issue a scheduling order after an answer has been filed. That scheduling order will not include artificial deadlines to help plaintiff get extra law library time, as he requests in Doc. 30.

Defendants construe plaintiff's motion for filing discovery extension (Doc. 27) as a motion to stay this case until January or February 2013, when plaintiff expects to be released. In so doing, they did not object to such a stay. Considering plaintiff's other

2

motions, the court does not find that plaintiff wishes to stay this case. However, the court would entertain such a motion. The court will refrain from issuing a scheduling order in this case until after September 15, 2012. If plaintiff wants to stay this case, and suspend proceedings, he should file a motion to stay before that date.

Plaintiff also filed a motion to amend his complaint, along with a proposed amended complaint. With regard to such filings, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). However, the decision whether to allow an amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* at 182.

Earlier, this court allowed plaintiff to proceed on claims against eight defendants, all employees of the Wisconsin Department of Corrections. His individual claims against these defendants arise under the Eighth and Fourteenth Amendments, and he was allowed to challenge a policy (AG 02-10) as violating the ex post facto and due process clauses.

Plaintiff's proposed amended complaint is sprawling and names twenty-one defendants, including Attic Correctional Services, the Brown County Jail, the Green Bay Sex Offender Residency Board, and representatives of several municipalities in Brown County. Additionally, plaintiff seems to be seeking a substantive review of his current housing problems as well as claims relating to actions that have not taken place. For example, plaintiff asserts that, due to various ordinances in the county, there is a 50/50

3

Case 2:12-cv-00096-CNC   Filed 08/20/12   Page 3 of 6   Document 43

probability that the Green Bay Sex Offender Residency Board will provide him approval to reside at a state run transitional residency facility or halfway house. He further contends that there is no way to actively challenge municipal ordinances due to fear of ramifications involving the residency board. Part of the relief plaintiff seeks is to have municipalities conform to a universal less restrictive ordinance, where they look at the whole picture not just a sex offender's crime.

These additional defendants and claims, especially as they relate to events that occurred after plaintiff filed his original complaint or have not yet occurred, are not sufficiently related to claims that the court allowed to proceed.

Plaintiff also has filed a motion for appointment counsel. He has now satisfied the threshold burden by showing a reasonable attempt to secure private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Nevertheless, at this time, plaintiff appears competent to proceed without an attorney. *See Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). So far, he has paid great attention to detail and has presented his concerns and claims to the court competently.

Finally, plaintiff asks the court to delay his filing fee payment until his release (Doc. 35). He references the hardship that stems from withdrawals from his prison trust account for child support, past legal loans, and filing fees. While the court appreciates plaintiff's financial difficulties, it will not disturb the payment formula prescribed by 28 U.S.C. § 1915(b)(2). Therefore,

IT IS ORDERED that plaintiff's motion for temporary restraining order (Doc.16) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend/correct complaint (Doc. 18) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 21) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order (Doc. 22) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to proceed to discovery phase (Doc. 28) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for order to allow access to DOCC case file (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for order to assign monthly court deadline (Doc. 30) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to review potential probation rules (Doc. 33) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for an order to grant access to e-mails from defendants to prison social workers (Doc. 34) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for order to grant filing fee payment upon release (Doc. 35) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for discovery of all DCC documentation (Doc. 36) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for immediate injunctive relief (Doc. 40) is DENIED.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge