# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

                Plaintiff,

        v.                                          Case No. 12-C-0096

GARY HAMBLIN, AMANDA MARTIN,
LORI RICHGELS, ROSE SNYDER-SPAAR,
DENISE SYMDON, ERIN MURTO,
TOM WICKENAM, and ROBERT FUSFELD,

                Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY (DOC 45),
DENYING PLAINTIFF'S MOTION TO DEPOSE WITNESSES (DOC 46), DENYING
PLAINTIFF'S MOTION FOR VARIOUS INJUNCTIVE RELIEFS (DOC 47), DENYING
PLAINTIFF'S MOTION TO MODIFY CONDITIONS OF SUPERVISION (DOC 48),
DENYING PLAINTIFF'S MOTION TO REVIEW AND QUESTION RULES (DOC 49),
DENYING PLAINTIFF'S MOTION TO ORDER TO FORCE COMPLIANCE OF
DISCLOSURE OF FULL RECORDS (DOC 54), AND DENYING PLAINTIFF'S MOTION
FOR ORDER REQUESTING APPROVAL OF ADDITIONAL INTERROGATORIES
(DOC 58).

    In a decision and order entered August 20, 2012, the court resolved numerous

motions filed by plaintiff. Shortly thereafter, plaintiff again inundated the court with motions

and requests. Each will be addressed in turn.

    Plaintiff filed five motions on September 13, 2012. He asked that this case be stayed

for 90 to 120 days starting November 1, 2012. According to plaintiff, he was scheduled to

be discharged from his current case, 98-CF-1181, and to start probation in Case No. 99-

CF-16 on November 16, 2012. He argued that a stay would serve him in multiple ways:

it would help him (1) obtain employment to assist with future mailings; (2) search all his

records for all of his proof; (3) gather witnesses and/or depose the same; (4) utilize the law

library at the Brown County Courthouse and understand its procedures; and (5) expedite his discovery.

Defendants did not object to a stay, but suggested the request was inconsistent with plaintiff's other motions. The court notes that plaintiff received extra time before a scheduling order was issued. Moreover, the plaintiff's conduct (continuing to submit documents in this case and filing another complaint that is pending before this court) indicates his continued intent to litigate.

Plaintiff also made a motion to depose witnesses. He proposed that he supply each witness with a copy of the questions and instruct them to answer in their own words. After each witness was deposed, the plaintiff would provide three copies of their answers notarized to ensure that they are authentic. Plaintiff believed he would depose 40-50 total witnesses with direct knowledge of his claim, and asked the court to order defendants' coworkers to comply fully with questions that are posed. Finally, plaintiff asked that newspaper articles be considered as portions of proof for his claims.

It appears that plaintiff wants to use Federal Rule of Civil Procedure 31 to depose witnesses. However, he does not fully grasp how Rule 31 operates. Arranging for a deposition officer (usually a stenographer or court reporter) to meet with defendants and others to conduct dozens of depositions would involve considerable expense and time. This is not an expense that the court would pay. *See, e.g., McNeil v. Lowery*, 831 F.2d 1368, 1373 (7th Cir.1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court) (citation omitted). Furthermore, there is no indication that plaintiff cannot obtain the information he

2

seeks through the use of other methods of discovery available to him, such as interrogatories, requests for admissions, and requests for production of documents.

With regard to plaintiff's request that the court allow newspaper articles as evidence in support of his claims, there is no need for plaintiff to present evidence to the court at this time. When the time comes, the court will consider admissibility of the evidence plaintiff presents. At summary judgment, this generally means that the documents are attached to and authenticated by a sworn affidavit or declaration.

Plaintiff's last three motions seek injunctive relief regarding the terms of his supervision, modification of his conditions of supervision, and review of his rules of supervision. None of this relief can be granted in a civil action filed under 42 U.S.C. § 1983. It is only available via petition for a writ of habeas corpus. *See Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003); *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977).

On October 11, 2012, plaintiff filed a request to view the DOC file currently at Oshkosh Correctional Institution and a motion for order to force compliance of disclosure of full records. He marked 80-100 pages in his file and wants to be able to copy them. Plaintiff must request copies of those documents in discovery and, if necessary, attempt to resolve any dispute with defendants before bringing this matter before the court.

Plaintiff also wants two non-parties to comply with his requests. He wants Attic Correctional Services to provide the names and contact information for each of his chaperones and any information they have pertaining to the services performed for the Department of Corrections. He also seeks information from the Brown County Jail and the Brown County Sheriff's Department regarding "Pay for Stay" and the booking fee assessed him each day, as well as the deductions he was assessed. However, to discover information from non-parties plaintiff may follow the procedures for subpoenas set forth in

Federal Rule of Civil Procedure 45. *See Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (Rule 45 subpoena is the only way to get documents from a non-party).

On December 17, 2012, plaintiff filed a motion requesting approval of additional interrogatories. It appears that he wants a total of 484 interrogatories. Defendants have agreed to respond to 25 interrogatories that are directed to each defendant, plus 10 per defendant (for a total of 280). Civil Local Rule 33(a) provides that any party may serve upon any other party no more than 25 written interrogatories. However, parties represented by the same attorney or law firm are regarded as one party so the defendants were not obligated to answer more than 25 total interrogatories. *See* Civil L.R. 33(a)(2)(A) (E.D. Wis.). Thus, defendants' agreement to answer 35 per defendant is very generous, and more interrogatories will not be required.

In several of his motions and other documents, plaintiff has attempted to raise issues that are outside the scope of his claims. He even argues that the defense opened the door for additional issues by answering and commenting on his original complaint. Regardless, the screening order limits the scope of this case. For clarity, the court reiterates that plaintiff's claims in this case are limited to (1) an Eighth Amendment claim against defendants Martin, Richgels, Fusfeld, Murto, and Wickenam for detaining plaintiff beyond the termination of his sentence; (2) a due process claim against defendants Martin, Richgels, Fusfeld, Murto, and Wickenam regarding plaintiff's confinement at the Brown County Jail without due process; and (3) claims against each of the named defendants in his or her official capacity that the policy of incarcerating individuals who have reached their mandatory release date but who do not have approved housing, pursuant to Administrative Directive 02-10, violates the due process clause and the ex post facto clause of the Constitution. Therefore,

4

IT IS ORDERED that plaintiff's motion to stay (DOC 45) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to depose witnesses (DOC 46) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for various injunctive reliefs (DOC 47) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to modify conditions of supervision (DOC 48) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to review and question rules (DOC 49) is DENIED.

IT IS FURTHER ORDERED that plaintiff's request to view DCC file currently at Oshkosh Correctional Institution (DOC 53) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for order to force compliance of disclosure of full records (DOC 54) is DENIED.

IT IS FURTHER ORDERED that plaintiff's request for interrogatories (DOC 57) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for order requesting approval of additional interrogatories (DOC 58) is DENIED.

IT IS FURTHER ORDERED that plaintiff's request for additional interrogatories that defendants have agreed upon via letter to court (DOC 61) is DENIED.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge

5