UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

    Plaintiff,

v.                                             Case No. 12-C-0096

EDWARD F. WALL,
AMANDA MARTIN,
LORI RICHGELS,
ROSE SNYDER-SPAAR,
DENISE SYMDON,
ERIN MURTO,
TOM WICKENAM, and
ROBERT FUSFELD,

    Defendants.

---

DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE BRIEF WHICH EXCEEDS PAGE LIMIT (DOC. 85), GRANTING DEFENDANTS' MOTION TO SUBSTITUTE PARTY (DOC. 86), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 96), AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 97)

      This case comes before the court on a flurry of motions relating to the parties' motions for summary judgment. As an initial matter, defendants seek leave to file a brief in support of summary judgment exceeding the page limits and to substitute Secretary of the Wisconsin Department of Corrections Edward F. Wall for former Secretary Gary H. Hamblin. Defendants have established good cause for the filing of their 36-page brief. Further, because Werner has sued Gary Hamblin in his official capacity, the substitution of his successor is proper pursuant to Federal Rule Civil Procedure 25(d). Accordingly, the court will grant both of defendants' motions.

Next, the court turns to the motions relating to Werner's August 29, 2013, summary judgment motion. A separate order will issue with respect to defendant's motion for summary judgment. In any event, Werner filed a 61-page document titled "motion for summary judgment" which he claims is "true and correct to the best of his ability, research, knowledge, and materials that are presently available to him or lack thereof." (Doc. 96, p. 60.) Mindful that Werner is a pro se litigant, the court finds that this document does not comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Wisconsin. Werner's statement at the end of the document is insufficient for purposes of making the document an unsworn declaration under 28 U.S.C. § 1746. Indeed, his statement does not indicate that he is filing under "penalty of perjury" and he is not affirming that the document is "true and correct." Moreover, Werner's previously filed request for admissions does not cure the defects in his summary judgment motion. There are no stipulated facts or proposed findings of fact, and the court is not satisfied that Werner's requests are properly before the court or otherwise constitute admissible evidence under Federal Rules of Evidence 802 and 1002. Consequently, the court need not address defendants' motion to strike Werner's summary judgment motion because Werner's motion fails on its own weight. Now, therefore,

IT IS ORDERED that defendants' motion for leave to file a brief which exceeds page limit (Doc. 85) is granted.

IT IS FURTHER ORDERED that defendants' motion to substitute party (Doc. 86) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Doc. 96) is denied.

IT IS FURTHER ORDERED that defendants' motion to strike plaintiff's motion for summary judgment (Doc. 97) is denied as moot.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE